[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 9, 1996
The above-captioned case comes before this court on the CT Page 5496-JJJJJ application of Michael Russo and his union, Board of Education Employees Local 287 of Council 4, AFSCME, AFL-CIO ("union") to vacate or correct an award entered by arbitrators in a dispute arising from a claim of violation of a collective bargaining agreement.
A stay of enforcement of the arbitration award has been consented to by the parties pending the adjudication of this application.
The arbitration award at issue was entered by a three-member panel of the Connecticut State Board of Mediation and Arbitration on July 2, 1996, pursuant to the arbitration clause of the collective bargaining agreement between the union, which represents school custodial and maintenance workers, and the Board of Education of the City of New Haven ("school board"). The grievance that was the subject of the arbitration was filed by Michael Russo ("grievant"), who claimed that the school board had violated the collective bargaining agreement in failing to promote him, rather than another candidate, to a position as an Auto Mechanic Custodian based on seniority. The arbitration panel ruled that the school board had failed to comply with the contract but the remedy it ordered was a reopening of the selection procedure, not an order to promote the grievant and award him back pay at the rate applicable to the position at issue.
The union and the grievant have applied for an order to vacate and modify the remedy portion of the award on the ground that the award was contrary to law and that the arbitrators so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
Standing CT Page 5497
As a preliminary matter, the school board asserts that this court lacks jurisdiction because Michael Russo lacks standing to apply to the court for an order vacating or correcting the arbitration award at issue.
General Statutes §§ 52-418 and 419 provide that an arbitration award may, for enumerated reasons, be vacated or corrected "upon the application of any party to an arbitration." The school board takes the position that only the union and not the grievant was a party to the arbitration.
While it would be necessary to determine whether the grievant were a "party to the arbitration" if only he had filed the application to vacate or correct the award, in fact he is not the only applicant; rather, the union has also applied for such an order. Since the school board does not contest that the union was a party to the arbitration, the court need not decide whether it would have jurisdiction if the grievant were the only applicant.
Standard of Review
The arbitration at issue was a consensual proceeding that arose from the agreement by the union and the school board in their collective bargaining agreement. That agreement provides at Article 13 for the resolution by arbitration of grievances not resolved by earlier steps of a contractual resolution process. At Section 5 of Article 13, the parties defined the scope of the arbitrators' powers in applicable part as follows:
 The Arbitrator's jurisdiction to make an award shall be limited by the submission and confined to the interpretation or application of the provisions of this Agreement. The arbitrator shall confine his award to a decision that the Board or the Union has or has not violated a specific provision of this Agreement, and if such an award is in the affirmative, the award shall specify the remedy.
The standard for review of consensual arbitration awards with regard to claims of errors of law has recently been revisited by the Supreme Court:
 When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of CT Page 5498 the award is delineated by the scope of the parties' agreement . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of dispute resolution.
Saturn Construction Co. v. Premier Roofing Co., 238 Conn. 293,303-04 (1996); Garrity v. McCaskey, 223 Conn. 1, 4-5 (1992).
The standard set forth above was held in Saturn to apply where a party to an arbitration claimed that the award should be vacated pursuant to General Statutes § 52-418(a)(4) as being contrary to law. As the Supreme Court explained, such a limited scope of review is warranted because the parties voluntarily bargained for the decision of the arbitrator and "are presumed to have assumed the risks of and waived objections to that decision." Saturn Construction Co. v. Premier Roofing Co.,238 Conn. 304.
The Supreme Court has held that parties to a contractual arbitration "should be bound by a decision that they contracted and bargained for, even if it is regarded as unwise or wrong on the merits." Id., citing American Universal Insurance Co. v.Delgreco, 205 Conn. 178, 186-87 (1987).
While the Supreme Court has recognized that a party to a contractual arbitration may establish grounds to vacate the award pursuant to § 52-418(a)(4) as to "an award that manifests an egregious or patently irrational application of law"; Garrity v.McCaskey, 223 Conn. 10-11; the Court emphasized that this ground is a narrow one and "should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles," rather than as a means of recognizing a different legally possible result. Saturn, 238 Conn. 304; Garrity v.McCaskey, 223 Conn. n. 10-11.
The test for manifest disregard of the law includes three elements:
 (1) the error was obvious and capable of being readily and instantly perceived by the average person CT Page 5499 qualified to serve as an arbitrator;
 (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and
 (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit and clearly applicable.
Saturn, 238 Conn. 305, citing Merrill Lynch, Pierce Fenner Smith, Inc. v. Bobker, 808 F.2d 930, 933-34 (2d Cir. 1986).
Claim of Legal Deficiency of the Award
The union claims that the arbitration panel erred in ruling that it did not have authority to award the contested position to the grievant with back pay and instead declaring the remedy to be a reposting of the promotion to allow the process to be carried out de novo. (Complaint, para. 10.) The union claims that as a matter of law the panel should have awarded the position to the grievant with back pay. (Complaint, para. 11.)
The issue is whether, in regarding itself as unable to award the remedy advocated by the union and in providing a different remedy, the arbitration panel manifestly disregarded the law. This court finds that the standard set forth above has not been met.
By its terms, the arbitration clause of the collective bargaining agreement, which is set forth above, gives the arbitrators discretion to fashion an award that they regard as appropriate. The arbitration clause does not limit the arbitrators to remedies including back pay or any other particular features.
The issue submitted likewise contained no limitation on the remedy but left its fashioning to the discretion of the arbitrators. The submission was as follows:
 Did the New Haven Board of Education violate Article V (sic), Awarding of Positions, and Article 37, Past Practices, of the Collective Bargaining Agreement when it awarded the Auto Mechanic Custodian position to Joseph Wojciechowski? If so, whatCT Page 5500 shall be the remedy?
Complaint, para. 8 [emphasis supplied].
The arbitration panel determined that it lacked authority to award the position to the grievant after finding noncompliance with the collective bargaining agreement provisions regarding job postings and promotions. While this conclusion may be either inaccurate or unfounded in the language of the contract, the standard of review is not whether this court finds that the arbitrator's conclusion was wrong but whether that conclusion exhibited manifest disregard for clearly applicable legal principles, according to the Saturn test cited above.
Since the arbitrators had discretion to fashion a remedy and were not required to order any particular remedy, this court cannot conclude that the exercise of that discretion reflected a manifest disregard for applicable law or that they so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made, pursuant to §52-418(a)(4). It must be remembered that the arbitrators were not adjudicating a provision of law, such as a civil service ordinance, that required a particular remedy as a matter of law; rather, they were arbitrating a claimed breach of contract with a range of possible remedies to consider.
Clearly, the arbitrators thought there were limitations on the possible remedies and may not have been accurate in that view of the contract. An error in interpreting a contract, does not, however, constitute the ignoring of a clear governing legal principle, since the arbitrators were not restricted to particular required remedies, and the governing legal principle was that they could fashion the remedy as they saw fit.
This is not a case in which the arbitrators failed to specify any remedy at all upon finding a violation of a contract. Rather, the award conforms to the submission, both deciding the issue presented and specifying a remedy that gives the grievant an opportunity to be considered for the position, an opportunity that he did not have before the award was rendered.
Conclusion
Since the award conforms to the submission, and since the applicants have failed to establish grounds for vacating or CT Page 5501 modifying it, their applications must be and are denied.
HODGSON, J.